W. I. McCARTY, Plaintiff In Error,

v.

Alice K. STURM et al., Defendants In Error.

No. 36284.

Supreme Court of Oklahoma.

Nov. 23, 1954.

As Amended Feb. 21, 1955.

Rehearing Denied Feb. 23, 1955.

Application for Leave to File Second Petition for Rehearing Denied July 5, 1955.

**146**

H. A. Ledbetter, Ardmore, for plaintiff in error.

Shilling & Shilling, Ardmore, for defendants in error.

ARNOLD, Justice.

Plaintiff W. I. McCarty brought this action in the District Court of Carter County against the heirs of H. L. Sturm, deceased, seeking specific performance of an alleged oral contract between himself and deceased to convey an undivided one-half interest in a described 50 acres of land. The estate of H. L. Sturm, deceased, had been probated prior to the institution of this suit and the land in question had been distributed to his heirs. Defendants asserted their title under the decree of distribution, denied the existence of the alleged oral contract, and asserted the invalidity under the statute of frauds of any such contract if one did exist.

In support of the allegations of his petition plaintiff's testimony is that he was a real estate broker; that in 1941 he knew the land here in question was for sale and interested H. L. Sturm, now deceased, in the purchase thereof; that he assisted in negotiating the sale and procuring title requirements, acting as agent for Sturm, and that Sturm paid the purchase price and took a deed to the land; that he was paid nothing for his services; that he and Sturm had an oral agreement that in the event Sturm received enough money from the sale of an oil and gas lease on the land to reimburse him for the sum expended in the purchase thereof, Sturm would convey an undivided one-half interest in the land to plaintiff; that plaintiff tried unsuccessfully to find a buyer for an oil and gas lease for a sufficient sum to reimburse Sturm for the purchase price of the land; that Sturm during his lifetime never received any sum in reimbursement of the purchase price; that after Sturm's death the administrator of his estate sold an oil and gas lease for a sum greater than the amount which Sturm had expended in the purchase of the land.

The court rendered judgment against plaintiff and in favor of defendants. From order overruling motion for new trial plaintiff appeals.

The general rule seems to be that contracts of a strictly personal nature are terminated by the death of the party by whom the personal service is performed. However, said rule is not applicable where the services are of such a character that they may as well be performed by another, or where the evidence shows that performance by others was contemplated. Howard v. Adams, 16 Cal.2d 253, 105 P.2d 971, 130 A.L.R. 1003; 12 Am.Jur., "Contracts", sec. 37; Restatement of the Law, Contracts, sec. 459; 17 C.J.S., Contracts, § 465, and Notes 46 and 48 thereto. In the latter work it is said:

> "Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract, so that death or disability will operate as a discharge. * * * The right to regard the contract as discharged by the death of a party is reciprocal, and a party whose personal representative would not be bound to perform in case of his death cannot, on the death of the other party, charge such party's representative."

In this connection, consider Devereaux v. Cockerline, 179 Or. 229, 170 P.2d 727.

We think that under the evidence in this case, the contract in question must fall into the class above referred to and that under its correct and contemplated interpretation, if, during Sturm's lifetime, he received enough money to repay him the purchase price of the land, he would then give plaintiff a half interest in it as payment for the latter's services. Admittedly Sturm never received repayment; and, upon his death, the contract came to an end. It cannot be doubted that if plaintiff had died, after entering into the contract, but before his performance of all of the serv-

ices he had agreed to render thereunder, Sturm's estate, or personal representative, could not have enforced specific performance against plaintiff's heirs. Plaintiff did not ask for judgment for the value of the services rendered by him. The judgment, therefore, of the trial court that plaintiff was not entitled to specific performance of the contract against Sturm's heirs is correct.

Affirmed.

JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

WELCH, J., dissents.